IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly Dutton,                          :
                    Appellant          :
                                       :   No.  1359 C.D. 2017
            v.                         :
                                       :   Submitted:  September 7, 2018
The City of Philadelphia               :


*OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                          FILED:  October 24, 2018


            Kelly Dutton (Appellant) appeals, *pro se*, from the June 1, 2017 order of the Court of Common Pleas of Philadelphia County (trial court), which denied Appellant's appeal of a decision of the City of Philadelphia's Bureau of Administrative Adjudication (BAA) finding him liable for a parking violation.


                          **Facts and Procedural History**

            The following facts are garnered from the trial court's opinion and the original record in this matter.  On June 15, 2016, Appellant was issued Parking Violation #478474471 for parking within 20 feet of a crosswalk in the City of Philadelphia (City).  (Certified Record[1] (C.R.) at Item Nos. 2, 22.)  That same day, Appellant was issued Parking Violation #732836565 for not properly displaying a valid kiosk receipt in a metered parking kiosk space in the City.  (C.R. at Item Nos. 3, 22.)

---

[1] The Certified Record cited above references the record created before the BAA.

Appellant disputed the validity of the parking violations by submitting internet-generated hearing submission forms.[2] (C.R. at Item Nos. 4-6.) After a BAA hearing examiner upheld the validity of the parking violations, Appellant submitted an appeal to the BAA, and an appeal hearing was conducted by a BAA hearing officer on September 27, 2016, at which Appellant appeared and presented testimony. (C.R. at Item Nos. 10, 13-17.) On September 29, 2016, the BAA Appeal Panel issued a written determination upholding its previous decision finding Appellant liable for the two parking violations. (C.R. at Item Nos. 21-23.)

Appellant subsequently filed separate appeals of the two parking violations with the trial court. Appellant's sole argument to the trial court, in both appeals, was that the BAA's decision finding him liable for the parking violations had been the result of race discrimination. (Trial court op. at 1-2; Appellant's Trial Court Brief at 3-4.) The trial court determined that Appellant failed to "introduce any direct, circumstantial or statistical evidence—at the BAA hearing or on appeal before the trial court—that the adverse action by BAA was taken under circumstances that gave rise to an inference of racial discrimination." (Trial court op. at 2.) The trial court also held that Appellant had made "a factually unsupported and wholly undeveloped claim of racial discrimination in his brief to the trial court." (Trial court op. at 2-3.) "In light of the complete lack of evidence," the trial court concluded Appellant had failed to prove a *prima facie case* of racial discrimination by the BAA and, therefore, dismissed the appeal. (Trial court op. at 3.) Further, the trial court determined that the BAA's

---

[2] Appellant was also issued a third parking violation for parking in a reserved handicapped space, but this violation was later dismissed by the BAA. (C.R. at Item Nos. 1, 21-23.)

2

decision was supported by substantial evidence. *Id.* Thereafter, Appellant appealed the trial court's order upholding Parking Violation #478474471 to this Court.[3]

On appeal,[4] the only issue raised by Appellant regarding the trial court's order upholding Parking Violation #478474471 is that, because he has recently filed for bankruptcy, the case should be postponed or dismissed. The sole issue presented in this matter is identical to that already presented and resolved by this Court in the related matter of *Dutton v. City of Philadelphia* (*Dutton I*) (Pa. Cmwlth., No. 1323 C.D. 2017, filed October 24, 2018). In *Dutton I*, we determined that Appellant's filing for bankruptcy did not automatically stay the City's enforcement of a parking violation against him. Therefore, we adopt the reasoning set forth in that case and likewise hold that Appellant's filing for bankruptcy does not stay the City's enforcement of Parking Violation #478474471.

## Conclusion

Accordingly, we affirm the order of the trial court, albeit on the other grounds stated above.

---

[3] Appellant also filed a separate appeal of the trial court's order upholding Parking Violation #732836565 with this Court, listed at *Dutton v. City of Philadelphia* (Pa. Cmwlth., No. 1323 C.D. 2017, filed October 24, 2018).

[4] In evaluating the decision of an agency, where a complete record is made before that agency, our standard of review is whether the agency committed an error of law and whether the material findings of fact are supported by substantial evidence. *Piatek v. Pulaski Township*, 828 A.2d 1164, 1170 (Pa. Cmwlth. 2003).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kelly Dutton, | : | |
| Appellant | : | |
| | : | No. 1359 C.D. 2017 |
| v. | : | |
| | : | |
| The City of Philadelphia | : | |

***PER CURIAM***

## ***ORDER***

AND NOW, this 24th day of October, 2018, the order of the Court of Common Pleas of Philadelphia County, dated June 1, 2017, is hereby affirmed.